UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 18-cv-330 |
| v. ) | |
| ) | |
| LEADER ACCESSORIES LLC, ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Static Media LLC ("Plaintiff") files this Complaint against Defendant Leader Accessories LLC ("Defendant"), and shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Georgia limited liability corporation with its principal place of business located at 885 Woodstock Road, Suite 430-383, Roswell, Georgia, 30075.

2. Upon information and belief, Defendant is a Wisconsin limited liability company with a principal place of business in Beloit, Wisconsin. Defendant may be served with process by serving its Registered Agent, Rodney W. Kimes, Esq, 542 E. Grand Ave., Beloit, Wisconsin 53511-6314.

3. This Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et. seq*.

4. This Court has personal jurisdiction over Defendant because Defendant was formed in the State of Wisconsin and has its principal place of business in this District.

1

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## PATENT IN SUIT

6.      On November 15, 2016, United States Patent No. D771,400 ("'D400 Patent") was duly and legally issued for "STADIUM SEAT."  A true and correct copy of the 'D400 Patent is attached hereto as Exhibit A.

7.      By way of assignment, Plaintiff is the exclusive licensee from the inventor of all right, title and interest in and to the 'D400 Patent, with all rights to enforce them against infringers and to collect damages for all relevant times, including the right to prosecute this action.

## INFRINGEMENT OF THE 'D400 PATENT

8.      Plaintiff incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 7 above.

9.      Defendant has infringed and continues to infringe the 'D400 Patent by using, selling and offering for sale in the United States the Leader Accessories Wide Padded Folding Stadium Chair (the "Accused Product"), which embodies the design covered by the 'D400 Patent.

10.     The foregoing chart demonstrates *via* side-by-side comparisons that Defendant has misappropriated and infringed Plaintiff's patented product designs in the 'D400 Patent through the Accused Product:

2







11. Defendant has never been granted any authorization, assignment or license from Plaintiff related to the 'D400 Patent, and Defendant's sale, offer for sale, marketing and advertisement of the Accused Product has been conducted without Plaintiff's permission or authorization.

12. Despite its prior knowledge of the 'D400 Patent and the Accused Product, Defendant continues to infringe the 'D400 Patent through its sale, offer for sale, marketing and advertising of the Accused Product.

13. Defendant's infringement of the 'D400 Patent has been and continues to be willful, deliberate and intentional.

14. Defendant has infringed and continues to infringe one or more claims of the 'D400 Patent by selling, offering for sale, marketing and advertising the Accused Product in violation of 35 U.S.C. § 271.

15. Defendant has profited and continues to profit from its infringement of the 'D400 Patent.

16. Plaintiff has suffered and continues to suffer monetary damages as a direct and proximate result of Defendant's infringement of the 'D400 Patent.

17. Plaintiff has suffered and continues to suffer irreparable harm from Defendant's infringement of the 'D400 Patent for which it lacks an adequate remedy at law, and Plaintiff is entitled to permanent injunctive relief enjoining Defendant's infringing conduct.

18. Defendant's infringement of the 'D400 Patent has been and continues to be willful, deliberate and intentional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment in Plaintiff's favor on all of its claims against Defendant;

b. A judgment that the 'D400 Patent remains valid and enforceable;

c. A judgment that Defendant has directly infringed one or more claims of the 'D400 Patent;

d. An order and judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, licensees, parents, subsidiaries, affiliates, successors, assigns and all others acting in concert with them from further infringement of the 'D400 Patent;

e. An award to Plaintiff of actual and compensatory damages in an amount sufficient to compensate Plaintiff for Defendant's infringement of the 'D400 Patent, but in no event less than a reasonable royalty for Defendant's infringement of the 'D400 Patent;

f. A judgment that Defendant's willful and intentional infringement of the 'D400 Patent renders this an exceptional case under 35 U.S.C. § 285;

g. An award to Plaintiff of treble damages for Defendant's willful and intentional infringement of the 'D400 Patent;

h. An award to Plaintiff of the reasonable attorneys' fees and costs incurred by it in this case;

i. Pre-judgment and post-judgment interest; and

j. Such other relief to Plaintiff as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all issues so triable raised in this action.

Dated: May 7, 2018

        *s/    Harry E. Van Camp*
**DEWITT ROSS & STEVENS S.C.**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI  53703-2865
608-255-8891
hvc@dewittross.com
evc@dewittross.com

FISHERBROYLES, LLP
Vincent Bushnell
(*pro hac vice* application to be submitted)

7

        1200 Abernathy Road
        Building 600, Suite 1700
        Atlanta, GA 30328
        678-902-7190
        vincent.bushnell@fisherbroyles.com

**Attorneys for Plaintiff Static Media LLC**