IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC.<br><br>      Plaintiff,<br><br>vs.<br><br>LEADER ACCESSORIES LLC<br><br>      Defendant. | Case No. 18-CV-330<br><br>JURY TRIAL DEMANDED |

# DEFENDANT'S, LEADER ACCESSORIES LLC, ANSWER TO COMPLAINT

Defendant LEADER ACCESSORIES LLC ("Defendant"), hereby provides its Answer to the Complaint ("Complaint") filed by Plaintiff STATIC MEDIA LLC ("Plaintiff"), as stated below:

## PARTIES, JURISDICTION AND VENUE

1. No need to respond.

2. Admit.

3. Admit to the Court's subject-matter jurisdiction.

4. Admit to the Court's personal jurisdiction.

5. Admit to the venue.

## PATENT IN SUIT

6. Admit to the extent the facts are consistent with and correctly represented by the records kept by United States Patent and Trademark Office ("USPTO").

7. Defendant has no information to admit or deny and, on that basis, deny.

## INFRINGEMENT OF THE 'D400 PATENT

8. No need to respond.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

## AFFIRMATIVE DEFENSES

1. As an affirmative defense, Plaintiff has failed to state a claim for relief.

2. As an affirmative defense, each asserted claim of the Patents-in-Suit is invalid or unenforceable for failure to comply with one or more of the requirements of the patent laws, including but not limited to 35 U.S.C. §§101, 102, 103 and/or 112.

3. As an affirmative defense, Plaintiffs' claims are barred, in whole or in party, by the doctrines of equitable estoppel, laches, waiver, implied license and/or acquiescence.

4. As an affirmative defense, Plaintiffs' claims are barred, in whole or in party, by 35 U.S.C. §287.

5. As an affirmative defense, Plaintiffs' claims are barred, in whole or in party, by prosecution history estoppel and the doctrine of unclean hand.

6. As an affirmative defense, should Plaintiffs prevail in the infringement claim, no willful infringement can be found based upon the allegations or any discovery in the action; moreover, Plaintiff is not entitled to any award of attorney's fees.

7. As an affirmative defense, Defendant hereby reserves its right to amend the Answer to assert additional defenses if such defenses are discovered during the course of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Leader Accessories LLC prays for the relief as stated herein:

A. Enter an order dismissing Plaintiff's action with prejudice.

B. Enter judgment against Plaintiff for its failure to prove infringement.

C. Enter an order declining to award any damages to Plaintiff.

D. Enter an order declaring the Patent to be invalid.

E. Enter an order declaring Defendant to be the prevailing party, and further that this is an exceptional case under 35 U.S.C. §285, for attorney fees and costs accordingly.

F. Order such other and further appropriate relief.

## JURY DEMAND

Defendant hereby demands, per Federal Rules of Civil Procedure Rule 38, to have a trial by jury on all issues and claims in this litigation.

Dated this 20th day of June, 2018.

| | |
|---|---|
| **LT PACIFIC LAW GROUP LLP** | **BOLGRIEN, KOEPKE, KIMES & LIVINGSTON, LLC** |
| Jen-Feng Lee (204328)<br>17800 Castleton Stree, Suite 560<br>City of Industry, CA 91748<br>Tel:   (626) 810-7200<br>E-mail:jflee@ltpacificlaw.com<br>(*Application for admission pro hac vice Pending*) | By: /s/ Rodney W. Kimes<br>Rodney W. Kimes (1021059)<br>542 East Grand Ave.<br>Beloit, WI 53511<br>Tel:   (608) 365-7702<br>E-mail:rkimes@bolgrienlaw.com |

ATTORNEYS FOR DEFENDANT
LEADER ACCESSORIES LLC