UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

        Plaintiff,

  v.

LEADER ACCESORIES LLC,

        Defendant.

Case No. 18-cv-330-wmc

**STIPULATED PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate the progress of disclosure and production of documents under the Federal Rules of Civil Procedure and the Local Rules of the Court.

In support of this Protective Order, the Court finds that:

1.    Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential" and "Highly Confidential – Trial Counsels' Eyes Only" information) are likely to be disclosed or produced during the course of discovery in this litigation by both parties and non-parties;

2.    The parties and non-parties to this litigation may assert that public dissemination and disclosure of Confidential or Highly Confidential – Trial Counsels' Eyes Only information could cause injury or damage to the party or non-party disclosing or producing the information, and could place that party or non-party at a competitive disadvantage;

3.    To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS HEREBY ORDERED THAT:

1. As used in this Protective Order, these terms have the following meanings:

"Trial Counsel" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Highly Confidential – Trial Counsels' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

"Documents" are all printed and electronically-stored information, documents, materials and recordings within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document or information as Confidential, a party may designate any document or information, including interrogatory responses, other discovery responses or transcripts that constitute or contain trade secret or other confidential information.

3. All Confidential information and documents, along with the information contained in the documents, shall be used solely for the purpose of this action and no person receiving such information or documents shall, directly or indirectly, transfer, disclose or communicate in any way the information or the contents of the documents to any person other than those specified in paragraph 4.

4. Access to any Confidential information or document shall be limited to:

    a. the Court and its officers;

    b. Trial Counsel and their office associates, legal assistants, and stenographic and clerical employees;

    c. persons shown on the face of the document to have authored or received it;

    d.    court reporters retained to transcribe testimony;

    e.    employees of the parties who are actively engaged in assisting counsel with respect to this litigation;

    f.    outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with or otherwise associated with any party) who are retained by a party or its attorneys to furnish consulting, technical or expert services and/or to give testimony in this action and have executed the "Written Assurance" as specified below;

    g.    Any person to whom the such information has previously been disclosed by the designating party;

    h.    Any other person for whom the party receiving the information can show good cause, but only upon order of the Court or with advance written permission of the designating party; and

    i.    Mediators or similar outside parties and their staffs enlisted by the parties to assist in the resolution of the claims and defenses of the parties.

5. The parties shall have the right to further designate Confidential information or documents or portions of documents as Highly Confidential – Trial Counsels' Eyes Only if the producing party deems the information or documents to be particularly sensitive, such that even its limited use by a person designated in paragraph 4(e) in connection with the litigation would risk the loss of a competitive advantage (*e.g.*, confidential, scientific or technical research, business plans, strategies, product plans or financial records). Disclosure of such information and documents shall be limited to the persons designated in paragraphs 4(a) - (d) and (f) – (i).

6. Third parties producing information or documents in this action may also designate information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served

in connection with this action. All information or documents produced by such third parties shall be treated as Highly Confidential – Trial Counsels' Eyes Only for a period of 14 days from the date of their production, and during that period any party may designate such information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only pursuant to the terms of this Protective Order.

7.      Before any person designated in 4(f) is given access to Confidential or Highly Confidential – Trial Counsels' Eyes Only information, the individual shall first read this Order and, as is appropriate under the circumstances, either execute a "Written Assurance" in the form attached hereto as Exhibit A, acknowledge on the record that he or she has read and agrees to be bound by the terms of the Order and the jurisdiction of this Court for the sole purpose of enforcing same, or otherwise agree in writing to be bound by the terms of this Order and to submit to the jurisdiction of this Court for the sole purpose of enforcing this Order.

8.      All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated Confidential or Highly Confidential – Trial Counsels' Eyes Only and thereby obtain the protections accorded other Confidential or Highly Confidential – Trial Counsels' Eyes Only documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 calendar days of receipt of the transcript. Unless otherwise agreed, deposition transcripts shall be treated as Highly Confidential – Trial Counsels' Eyes Only during the 14-calendar-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Highly Confidential – Trial Counsels' Eyes Only information

shall be taken only in the presence of persons who are qualified to have access to such information. Notwithstanding any designation of material by a party under this Order as Confidential or Highly Confidential – Trial Counsels' Eyes Only, any witness may be shown at a deposition, and examined on, any such material that the witness authored, previously reviewed, or previously received; the witness may also be shown at a deposition, and examined on, any such material for which specific documentary or testimonial evidence indicates (i) that the material was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the material, or if the producing party of the material agrees.

9. The inadvertent or unintentional failure to designate specific information or material as Confidential or Highly Confidential – Trial Counsels' Eyes Only shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality as to such material. Anyone who inadvertently fails to identify information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only shall promptly from the discovery of its oversight correct its failure by providing written notice of the error and substituted copies of the inadvertently-produced information or documents. Any party receiving such inadvertently unmarked information or documents shall make reasonable efforts to retrieve information or documents distributed to persons not entitled to receive information or documents with the corrected designation. The receiving party shall not be in violation of this Protective Order for any disclosure of information or documents made prior to receiving written notice.

10. The parties agree that documents and information created after the filing date of this lawsuit which the parties contend in good faith based upon legal support is protected by the attorney-client privilege or work product doctrine need not be reported on a privilege log. This shall not preclude a party from challenging any so designated documents or information.

11. The inadvertent or unintentional disclosure by the producing party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall promptly return or destroy the inadvertently-produced materials and all copies of those materials that may have been made or any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production of such information.

12. Any party may request a change in the designation of any information or document designated Confidential or Highly Confidential – Trial Counsels' Eyes Only. Any such information or document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only in the action may be affected. The party asserting that the material is Confidential or Highly Confidential – Trial Counsels' Eyes

Only shall have the burden of proving that the information or document in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential or Highly Confidential – Trial Counsels' Eyes Only and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all correspondence generated in connection with the action, documents constituting work product, and any deposition transcripts and deposition or trial exhibits.

14. Any party may apply to the Court for a modification of this Protective Order and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. This Protective Order shall remain in effect after the final action, unless otherwise ordered by the Court, and the Court shall retain jurisdiction over the parties for enforcement of the provisions.

It is so ORDERED by the COURT.

ENTERED this _____ day of _____, 2018.

　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. CONLEY
　　　　　　　　　　　　　　　　　　　　　　　District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

        Plaintiff,

  v.                                                                                         Case No. 18-cv-330-wmc

LEADER ACCESSORIES LLC,

        Defendant.

## NOTICE OF ADHERENCE TO PROTECTIVE ORDER

_____ declares that:

I reside at _____ in the city of _____, county of _____ state of _____;

I am currently employed by _____

located at _____

and my current job title is_____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Case No. 18-cv-330-wmc pending in the United States District Court for the Western District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information or documents or copies of documents designated Confidential or Highly Confidential – Trial Counsels' Eyes Only obtained pursuant to such Protective Order or the contents of such documents to any person other

than those specifically authorized by the Protective Order. I shall not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated Confidential or Highly Confidential – Trial Counsels' Eyes Only and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____         _____
                                                     (Signature)