IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC,<br>　　　Plaintiff,<br>　v.<br>LEADER ACCESSORIES LLC,<br>　　　Defendant. | Case No.: 18-CV-330 |

**PLAINTIFF STATIC MEDIA LLC'S MOTION TO EXCLUDE
RELIANCE ON ADVICE OF COUNSEL OPINION OF
DEFENDANT LEADER ACCESSORIES, LLC**

Pursuant to Fed. R. Civ. P. 26(a)(2)(D) and 37(c)(1), Plaintiff Static Media LLC ("Static Media") files its Motion to Exclude Reliance on Advice of Counsel Opinion of Defendant Leader Accessories, LLC and, in support, shows the Court as follows:

**INTRODUCTION**

In this Motion, Static Media respectfully requests that the Court exclude from this case an attorney opinion submitted into evidence by Defendant Leader Accessories, LLC ("Defendant") in support of its summary judgment motion. Although Defendant produced the attorney opinion at issue to Static Media in discovery, Defendant's own Rule 30(b)(6) representative specifically denied that Defendant was relying on that same attorney opinion in this case at his deposition. Defendant has never attempted to correct this testimony and made no subsequent disclosures to Static Media within the deadline for reliance on advice of counsel opinions. Defendant further failed to produce any documents or information to Static Media related to the attorney opinion at issue.

In reliance on the testimony of Defendant's Rule 30(b)(6) representative, Static Media did not conduct any further discovery related to the attorney opinion relied upon by Defendant. Static Media therefore has been prejudiced by Defendant's failure to properly disclose the attorney opinion at issue in accordance with Fed. R. Civ. P. 26(a)(2) ("Rule 26(a)(2)"). Moreover, Defendant's failure to properly disclose the attorney opinion at issue was neither harmless nor justified. Discovery has long since closed and Static Media has lost the opportunity to reasonably prepare its response to the attorney opinion at issue. Thus, the attorney opinion submitted by Defendant must be excluded from this case pursuant to Rule 37(c)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Static Media Serves Its Written Discovery Requests On Defendant Specifically Requesting Information Related To The Opinions Of Defendant's Experts.

On August 9, 2018, Static Media served its First Requests for Production (the "Requests") on Defendant. (*See* Declaration of Vincent Bushnell, Esq. dated May 4, 2019 ("Bushnell Declaration" or "Bushnell Dec."), concurrently filed, Ex. 1.) Request Nos. 24 and 25 specifically request the production of documents and information related to any expert that Defendant intends to use as a witness in this case. (*Id.*) In response to those Requests, Defendant identified and attached "an independent non-infringement opinion authored by attorney Clement Cheng dated 9/12/2018" [Doc. 32-3] (the "Cheng Letter"). (*Id.*, true and correct copy of Defendant's Response to First Requests for Production (the "Responses"), attached as Exhibit 2 to Bushnell Dec.)

### II. Static Media Deposes Defendant's Rule 30(b)(6) Representative Regarding The Cheng Letter.

Static Media deposed Defendant's designated Rule 30(b)(6) representative, Wayne Chin ("Mr. Chin"), on February 13, 2019. (Deposition transcript of Mr. Chin as Rule 30(b)(6) witness for Defendant dated February 13, 2019 [Doc. 35] (the "Chin Dep.").) At his deposition, Mr. Chin provided the following testimony when asked about the Cheng Letter:

Q: Is this an attorney opinion that Leader Accessories is relying on in the case or not?

A: **No.  There should be more coming.**

(*Id*. at p. 54:19-22, Ex. 9 (Cheng letter)).

In reliance on this testimony, Static Media's counsel did not ask Mr. Chin any more questions regarding the Cheng Letter at his deposition. (*Id*. at pp. 54:23-55:17.) Static Media also did not seek any additional discovery or depositions, including a deposition of Mr. Cheng.

Mr. Chin did not change or correct his answer regarding the Cheng Letter in his errata sheet, nor did Defendant's counsel ever attempt to correct such testimony at the deposition itself. (*Id*. at pp. 54:23-55:17, Errata Sheet.)  Moreover, Defendant did not serve any pretrial disclosure on Static Media after Mr. Chin's deposition identifying the Cheng Letter as an attorney opinion in accordance with Rule 26(a)(2)(A) or the amended Scheduled Order in this case.  (Bushnell Dec., ¶ 5.)

### III.   Defendant Fails To Disclose Any Reliance on Advice of Counsel Opinions By The Deadline To Do So.

By stipulation of the Parties, the Scheduling Order in this case was amended to require the disclosure of any Reliance on Advice of Counsel on or before February 25, 2019.  [Doc. 18, 19.] Although Defendant referenced the Cheng Letter in its Responses, Defendant did not serve any pretrial disclosure on Static Media after the Chin Deposition pursuant to the Reliance on Advice of Counsel deadline.  (Bushnell Dec., ¶ 5, Ex. 2.)  Nor did Defendant ever inform Static Media that Mr. Chin's deposition testimony regarding the Cheng Letter was incorrect or inaccurate.

On April 18, 2019, Defendant filed its Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement [Doc. 28] (the "Summary Judgment Motion").  In support of its Summary Judgment Motion, however, Defendant relies on the Cheng Letter, which was filed as Exhibit CC to the supporting declaration from its counsel.  [*See* Doc. 32-3.]  In his declaration,

Defendant's counsel specifically identifies the Cheng Letter as "an independent patent counsel opinion …" [Doc. 32, ¶ 3.]

Moreover, Defendant specifically relies on the Cheng Letter as a purported defense to its willful infringement of the design patent at issue as part of its Summary Judgment Motion. [*See* Doc. 29 at p. 13.] Defendant also purports to rely on the Cheng Letter in support of its "non-infringement position." [*Id*.]

## **ARGUMENT AND CITATION TO AUTHORITY**

### I. **Standard of Review.**

"Rule 26(a)(2)(A) imposes upon a proponent of expert witness testimony a duty to identify its experts in a pretrial disclosure." *CMFG Life Ins. Co. v. RBS Secs*., 2013 U.S. Dist. LEXIS 116933 at *59-60 (W.D. Wis. Aug. 19, 2013) (J. Conley). Pursuant to Rule 26(a)(2)(D), parties must make their expert disclosures "at the times and in the sequence that the court orders." "One of the principal purposes of Rule 26(a) is for parties to 'disclose information regarding expert testimony sufficiently in advance of trial [such] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Welton Enters. v. Cincinnati Ins. Co*., 2015 U.S. Dist. LEXIS 126890 at *8-9 (W.D. Wis. Sept. 22, 2105) (J. Conley) (quoting Rule 26, advisory committee's note to 1993 amendment).

"If a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial." *See* Rule 37(c)(1). "Accordingly, '[t]he exclusion of nondisclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.'" *Karum Holdings LLC v. Lowe's Cos*., 895 F.3d 944, 951 (7th Cir. 2018) (quoting *Musser v. Gentiva Health Servs*., 356 F.3d 751, 758 (7th Cir. 2004)).

"In exercising its broad discretion in determining whether a violation of Rule 26(a) is harmless, a district court considers four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Welton Enters*, 2015 U.S. Dist. LEXIS 126890 at *14-15 (citing *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2008)).

## II. Defendant Failed To Properly Disclose The Cheng Letter As A Reliance On The Advice Of Counsel Opinion.

In response to Static Media's Request No. 24, Defendant identified the Cheng Letter as "an independent non-infringement opinion." (Bushnell Dec., Ex. 2.) Accordingly, Static Media questioned Defendant's Rule 30(b)(6) representative, Mr. Chin, about the Cheng Letter at his deposition. Specifically, Static Media's counsel asked the following question of Mr. Chin:

Q: Is this an attorney opinion that Leader Accessories is relying on in the case or not?

A: **No. There should be more coming.**

(Chin Dep., p. 54:19-22, Ex. 9 (Cheng Letter)).

In reliance on this testimony, Static Media's counsel did not ask Mr. Chin any more questions regarding the Cheng Letter at his deposition. (*Id*. at pp. 54:23-55:17.) Static Media also did not seek any additional discovery or depositions, including a deposition of Mr. Cheng, because Mr. Chin specifically testified that Defendant was not relying on the Cheng Letter as an attorney opinion in this case.

Importantly, Mr. Chin did not change or correct his answer regarding the Cheng Letter in his errata sheet, nor did Defendant's counsel ever attempt to correct such testimony at the deposition itself. (*Id*. at pp. 54:23-55:17, Errata Sheet.) Moreover, Defendant did not serve any pretrial disclosure on Static Media after Mr. Chin's deposition identifying the Cheng Letter as an

5

attorney opinion in accordance with Rule 26(a)(2)(A) or the amended Scheduling Order in this case. (Bushnell Dec., ¶ 5.) In short, Defendant made no attempt whatsoever to correct or amend the testimony of Mr. Chin or properly disclose the Cheng Letter to Static Media pursuant to Rule 26(a)(2)(A).

Instead, Defendant attempts to belatedly sneak the Cheng Letter into the record as "an independent patent counsel opinion" through the declaration of Defendant's own counsel. [Doc. 32, ¶ 3, Ex. CC.] Moreover, Defendant specifically relies upon this "independent patent counsel opinion" as a purported defense to Defendant's willful infringement of the design patent at issue as part of its Summary Judgment Motion.[1] [*See* Doc. 29 at p. 13.]

However, the deadline to properly disclose the Cheng Letter as an attorney opinion expired over two months ago (*i.e.*, on February 25, 2019). [Doc. 18, 19.] Thus, Defendant's attempt to rely on the Cheng Letter as an attorney opinion in support of its Summary Judgment Motion remains improper and untimely.

### III. Defendant's Failure To Properly Disclose The Cheng Letter Is Neither Justified Nor Harmless.

Because Defendant failed to properly disclose the Cheng Letter as an attorney opinion in accordance with either Rule 26(a)(2)(A) or the amended Scheduling Order in this case, Defendant

---

[1] Defendant also attempts to rely upon the Cheng Letter as support for its "non-infringement position." [Doc. 29 at p. 13.] However, the Cheng Letter utterly fails to comply with the expert report requirements of Rule 26(a)(2)(B), including by omitting all of the information which must be disclosed in such expert reports pursuant to Rule 26(a)(2)(B)(ii)-(vi). Defendant further never disclosed or identified the Cheng Letter as a non-infringement expert opinion to Static Media prior to filing its Summary Judgment Motion, in accordance with Rule 26(a)(2) or otherwise. Moreover, the Cheng Letter contains numerous obvious legal errors, including by applying a legal standard for design patent infringement that was expressly overruled in *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 678 (Fed. Cir. 2008) and erroneously applying the doctrine of equivalents doctrine for utility patents to design patents instead of the "colorable imitation" standard explained in *Pac. Coast Marine Windshields Ltd. V. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014), rendering the Cheng Letter unreliable as even an attorney opinion letter, let alone an expert report on patent infringement. (*See* Cheng Letter, pp. 2-6.)

"is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial." *See* Rule 37(c)(1). This sanction "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Karum Holdings LLC*, 895 F.3d at 951 (quoting *Musser*, 356 F.3d at 758). The Court considers four factors to determine whether a violation of Rule 26(a) is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Welton Enters*, 2015 U.S. Dist. LEXIS 126890 at *14-15 (citing *David*, 324 F.3d at 857).

As for the first factor, Static Media undeniably has suffered prejudice from Defendant's failure to properly disclose the Cheng Letter. For example, Static Media can no longer seek any discovery related to the Cheng Letter, which Defendant now relies upon in its Summary Judgment Motion. Static Media thus has not been provided a reasonable opportunity to respond to the attorney opinion in the Cheng Letter or prepare for summary judgment.

Moreover, Defendant has waived attorney-client privilege and certain work product protections related to the Cheng Letter, which Defendant now relies upon as an "an independent patent counsel opinion." [*See* Doc. 32, ¶ 3, Ex. CC]; *see also In re Echostar Communs. Corp*., 448 F.3d 1294, 1299, 1304 (Fed. Cir. 2006) (reliance on advice of counsel as a defense to willful patent infringement waives attorney-client privilege and certain work protect protections related to such independent attorney opinions). However, Defendant has not produced any documents or information to Static Media related to the Cheng Letter, such as communications with Defendant or information provided by Defendant in connection with the Cheng Letter. (Bushnell Dec., ¶ 6.)

As for the second and third factors, Defendant cannot now cure the prejudice it has caused Static Media related to the Cheng Letter. Defendant already has filed its Summary Judgment

Motion and discovery has closed. Accordingly, Static Media has no opportunity to seek additional discovery or prepare its response to the Summary Judgment Motion using information related to the Cheng Letter. Moreover, any extension of the amended Scheduling Order necessarily will delay trial.

Defendant's bad faith and willfulness in failing to properly disclose the Cheng Letter to Static Media further remains apparent from the record. Defendant's own Rule 30(b)(6) representative testified that Defendant was <u>not</u> relying on the Cheng Letter as an attorney opinion in this case. (Chin Dep., p. 54:19-22, Ex. 9 (Cheng Letter)). Defendant made no effort to correct this testimony in the errata sheet or at the deposition, and Defendant did not serve any pretrial disclosure on Static Media after Mr. Chin's deposition identifying the Cheng Letter as an attorney opinion prior to filing its Summary Judgment Motion. (Chin Dep., pp. 54:23-55:17, Ex. 9 (Cheng Letter), Errata Sheet; Bushnell Dec., ¶ 5.) Defendant further failed to produce any documents or information to Static Media related to the Cheng Letter. (Bushnell Dec., ¶ 6.)

Such misconduct plainly shows that Defendant's failure to properly disclose the Cheng Letter was not harmless or justified, and therefore the Cheng Letter must be excluded from this case under Rule 37(c)(1). *See, e.g., Fabrick, Inc. v. JFTCO, Inc*., 2017 U.S. Dist. LEXIS 205232 at *4 (W.D. Wis. Dec. 13, 2017) (J. Conley) (prejudice arose from inadequate disclosure of expert opinion after expert disclosure deadline and late in discovery); *Sullivan v. Flora, Inc*., 2017 U.S. Dist. LEXIS 55702 at *4 (W.D. Wis. April 12, 2017) (J. Conley) (expert opinion excluded because of undue delay in identifying expert and resulting prejudice); *Welton Enters*, 2015 U.S. Dist. LEXIS 126890 at *18 (failure to comply with Rule 26(a) was not harmless and expert opinions excluded); *CMFG Life Ins. Co.*, 2013 U.S. Dist. LEXIS 116933 at *66 (failure to comply with Rule 26(a)(2) was not harmless and expert opinion excluded).

**CONCLUSION**

For all of the foregoing reasons, Static Media respectfully requests that the Court grant this Motion and exclude the Cheng Letter filed by Defendant as Exhibit CC to the Declaration of Jen-Feng Lee in Support of Leader Accessories LLC's Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement [Doc. 32-3] from this case.

Respectfully submitted this the 9th day of May, 2019.

/s/ *Harry E. Van Camp*
**DEWITT LLP**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891
hvc@dewittllp.com
evc@dewittllp.com

**FISHERBROYLES, LLP**
Vincent Bushnell
(Admitted *pro hac vice*)
945 East Paces Ferry Rd., NE
Suite 2000
Atlanta, GA 30326
678-902-7190
vincent.bushnell@fisherbroyles.com
**Attorneys for Plaintiff Static Media LLC**