IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LEADER ACCESSORIES LLC,<br><br>    Defendant. | Case No.: 18-CV-330 |

**PLAINTIFF STATIC MEDIA LLC'S RESPONSE TO DEFENDANT LEADER ACCESSORIES, LLC'S PROPOSED FINDINGS OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY, OR IN THE ALTERNATIVE, NON-INFRINGEMENT**

Plaintiff Static Media LLC ("Static Media") files its Response to Defendant Leader Accessories, LLC's Proposed Findings of Fact in Support of Its Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement as follows:

**Defendant's Proposed Fact:**

1. The bottom of the seat back portion (in Fig. 3) is not a straight line. (Declaration of JenFeng Lee, Ex. AA.) Inventor T.J. DoVale testified that to be a straight line (though "it appears that it's not"); at 93:12 – 94:3 of DoVale Deposition. (Dkt. 22) The inventor gave an explanation that it's "an optical illusion"; (Lee Decl., Ex. GG-2.

**Plaintiff's Response:**

Disputed. The bottom of the seat back portion in Figure 3 of the 'D400 Patent[1] is a straight line. (*See* Anthony DoVale Dep., Jan. 24, 2019, pp. 61:11-63:5; 93:12-18 [Doc. 22]; *see also* Anthony DoVale Dec., May 9, 2019, ¶¶ 10, 11, Ex. 1 (concurrently filed)).

---

[1] For the sake of brevity, Static Media incorporates herein the terms defined in its Response to Defendant's Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement, filed contemporaneously.

1

**Defendant's Proposed Fact:**

2. Fig. 3 shows the bottom to be a segment line. As a comparison, a straight red line is drawn close to the bottom of the seat back portion in Fig. 3. (Lee Decl., Ex. AA.)

**Plaintiff's Response:**

Disputed. The bottom of the seat back portion in Figure 3 is a straight line. (*See* Anthony DoVale Dep., Jan. 24, 2019, pp. 61:11-63:5; 93:12-18 [Doc. 22]; *see also* Anthony DoVale Dec., May 9, 2019, ¶¶ 10, 11, Ex. 1.) The straight red line was added by Defendant Leader Accessories, LLC's ("Defendant's") counsel. (Anthony DoVale Dec., May 9, 2019, Ex. 1.)

**Defendant's Proposed Fact:**

3. Inventor T.J. DoVale testified, at 63:1 – 63:5, that Fig. 2 would show the bottom of the seat back to be a straight line "if you tilted this forward a little bit"(Lee Decl., Ex. GG-2.)

**Plaintiff's Response:**

Disputed. The bottom of the seat back portion in Figure 2 is a straight line. (*See* Anthony DoVale Dep., Jan. 24, 2019, pp. 61:11-63:5; 93:12-18 [Doc. 22]; *see also* Anthony DoVale Dec., May 9, 2019, ¶¶ 10, 11, Ex. 1.) Moreover, the cited testimony relates to Figure 3 of the 'D400 Patent, not Figure 2. (*Id*.)

**Defendant's Proposed Fact:**

4. Fig. 3 shows there is no design feature in the front vertical surface of the seat cushion, as shown in the green flat box. (*Id*. at Ex. AA.)

**Plaintiff's Response:**

Disputed. The design features in the front of the vertical surface of the seat cushion are disclosed in the figures of the 'D400 Patent. (*See* Anthony DoVale Dep., Jan. 24, 2019, Ex. 1.) The green flat box was added by Defendant's counsel. (*Id*.)

**Defendant's Proposed Fact:**

5. An illustrative drawing with the red straight line and the green flat box is shown herein. (Lee Decl., ¶ 8; Dkt. 21, Ex. 5, Dkt. 22, Ex. 8.)



FIG. 3

**Plaintiff's Response:**

Disputed. The red straight line and green flat box were added by Defendant's counsel. (Anthony DoVale Dec., May 9, 2019, Ex. 1.)

**Defendant's Proposed Fact:**

6. Mr. Gary Glazer, the corporate representative of the sole licensee Belnick, Inc., testified that he perceived the bottom of the seat back to be "not a straight line". (Lee Decl., Ex. GG-1 at 33:3-18.)

**Plaintiff's Response:**

Disputed. Mr. Glazer did not provide any testimony regarding any specific seat back, although he did provide testimony regarding a figure in the 'D400 Patent. (Gary Glazer Dep., Jan. 24, 2019, pp. 33:6-35:3 [Doc. 21].)

**Defendant's Proposed Fact:**

7. The area bound by the top of the seat cushion and the seat back is an open space, represented in blue. That area, per all the teachings of the '400 patent (Figs. 1, 2, 3, and 5), is a six-sided polygon. See the notation below. (*Id*. Ex. DD, ¶¶ 43-44.)

2



FIG. 3

**Plaintiff's Response:**

Disputed. The bottom of the seat back portion in Figure 3 is a straight line. (*See* Anthony DoVale Dep., Jan. 24, 2019, pp. 61:11-63:5; 93:12-18; *see also* Anthony DoVale Dec., May 9, 2019, ¶¶ 10, 11, Ex. 1.) The blue box was added by Defendant's purported expert, Ronald B. Kemnitzer ("Kemnitzer"). (Anthony DoVale Dec., May 9, 2019, Ex. 1.)

**Defendant's Proposed Fact:**

8. The length of the right side of the middle portion of the back panel is approximately 90% of the height of the outsides. (*Id*. at ¶ 46.)



FIG. 3

**Plaintiff's Response:**

Disputed. The figures in the 'D400 Patent require product specifications for production. (Gary Glazer Dep., Jan. 24, 2019, p. 32:7-15 [Doc. 21].) The red lines and measurements were added by Defendant's purported expert, Kemnitzer. (Anthony DoVale Dec., May 9, 2019, Ex. 1.)

**Defendant's Proposed Fact:**

9. The '400 Patent disclosed no seam line or any decorative features in the central portion of the seat back portion, both in the front view (Fig. 3) and in the rear view (Fig. 5). (Lee Decl., Ex. AA.)

**Plaintiff's Response:**

Disputed. The design features in the central portion of the seat back portion are disclosed in the figures of the 'D400 Patent. (*See* Anthony DoVale Dec., May 9, 2019, Ex. 1.)

**Defendant's Proposed Fact:**

10. The inventor at least two opportunities to inspect and verify the drawing figures submitted to USPTO, and as pointed out in ¶41 of Kemnitzer Invalidity Report (Exhibit DD), when inventor filed, on 10/5/2019, a response to an earlier Office Action, re-submitting the same drawing set with darkened and better-quality drawing figures, as noted in the '400 Patent prosecution file. (*Id*.at Ex. DD and FF.)

5

**Plaintiff's Response:**

Disputed. In the Response to Allowability, Mr. DoVale submitted replacement drawings to the patent examiner, which resolved the objections identified in the Notice of Allowability and became the figures in 'D400 Patent. (*See* Anthony DoVale Dec., May 9, 2019, ¶¶ 7, 8.)

**Defendant's Proposed Fact:**

11. The differences shown in a side-by-side view, per Fig. 1. (*Id.* at Ex. EE at ¶ 51.)



**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 51.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729 (7th Cir. 2011) ("because we can readily discern the scope and content of the utility patents at issue from the drawings, specifications, and claims, it is unnecessary to rely on extrinsic evidence, such as expert testimony."); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

12. The difference shown in a side-by-side view, per Fig. 2. (*Id.*, at ¶ 54.)



**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 54.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

13. The difference of back panel fold/seam at top edge of frame. (*Id.*, at ¶ 55.)



7

**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 55.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

14. Difference of the L-hook position, per Fig. 4. (*Id.*, at ¶ 62.)



**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 55.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

15. There is no half-cicle [sic] pattern in the accused product (lower back portion of Fig. 4). (*Id.* at ¶ 61.)

**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 61.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

16. Difference in the central portion of back panel (looking at the back side), per Fig. 5. (*Id.*, at ¶ 67.)



**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 67.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

17. The field of designs for stadium seats is robust and extends as far back as at least 1940 (D121,266). The '400 Patent cites 41 patents (17 design patent and 24 utility patents. 13 of these patents were cited by the examiner, with the remaining cited by the applicant. A representative image of each of these patents is reproduced below with those cited by the examiner indicated by an asterisk (*).

 The collection of the prior art patents is compiled by expert Mr. Kemnitzer and reproduced herein.  (*Id*., at ¶ 31.)



| D121,266* | 2,792,875 | 3,026,142* | 3,066,980 |
|---|---|---|---|
| 3,560,047* | 3,994,529 | D252,658* | 4,190,918 |

6









2008/0093902

**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶ 31.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

**Defendant's Proposed Fact:**

18. While the number of citations of prior art to the '400 Patent is substantial, there are several stadium seat designs that were not cited, but they are relevant to this matter. (*Id.*, at ¶¶ 32-33.)

| Markwort Patented Deluxe Wide Model Stadium | Stadium |
|---|---|



**Plaintiff's Response:**

Disputed. This paragraph does not state any proposed facts, but merely refers to the opinion of Defendant's purported expert, Kemnitzer. [*See* Doc. 32-4, Ex. DD, ¶¶ 32-33.] *See Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 729-730 (7th Cir. 2011); *see also Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1107 (N.D. Ill. Dec. 16, 2005).

Respectfully submitted this the 9th day of May, 2019.

/s/ *Harry E. Van Camp*
**DEWITT LLP**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891
hvc@dewittllp.com
evc@dewittllp.com

**FISHERBROYLES, LLP**
Vincent Bushnell
(Admitted *pro hac vice*)
945 East Paces Ferry Rd., NE
Suite 2000
Atlanta, GA 30326
678-902-7190
[vincent.bushnell@fisherbroyles.com](mailto:vincent.bushnell@fisherbroyles.com)
**Attorneys for Plaintiff Static Media LLC**