IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>LEADER ACCESSORIES LLC,<br><br>        Defendant. | Case No.: 18-CV-330 |

**PLAINTIFF STATIC MEDIA LLC'S ADDITIONAL PROPOSED FINDINGS OF FACT IN OPPOSITION TO DEFENDANT LEADER ACCESSORIES, LLC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Static Media LLC ("Static Media") files its Proposed Findings of Fact in Opposition to Defendant Leader Accessories, LLC's Motion for Summary Judgment as follows:

1. Static Media is a Georgia limited liability corporation with its principal place of business located in Roswell, Georgia. (*See* Anthony DoVale Dec., May 9, 2019, ¶ 13, concurrently filed.)

2. Anthony DoVale ("Mr. DoVale") is the Managing Member of Static Media. (*Id*. at ¶ 14.)

3. Mr. DoVale also is an attorney specializing in intellectual property law, including the prosecution of patents. (*Id*. at ¶ 2.)

4. Mr. DoVale acquired a Bachelor of Science degree in mechanical engineering in 1990, which he used working in various positions in companies for many years up through his graduation from law school. (*Id*. at ¶ 3.)

5. On November 15, 2016, United States Patent No. D771,400 ("'D400 Patent") was duly and legally issued for "STADIUM SEAT" to Mr. DoVale. (*Id*. at Ex. 1.)

1

6.     Mr. DoVale is the sole inventor named in the 'D400 Patent and he personally invented, designed and conceived of the stadium chair disclosed in the 'D400 Patent. (*Id.* at ¶ 4, Ex. 1.)

7.     During the prosecution of the 'D400 Patent, the patent examiner objected to the drawings submitted in connection with the 'D400 Patent as "too light, rough, and pixilated throughout all areas of the drawings" in the Notice of Allowability for a Design Patent Application dated September 12, 2016 (the "Notice of Allowability"). (*Id.* at ¶ 7, Ex. 3.)

8.     In response, Mr. DoVale submitted replacement drawings to the patent examiner, which resolved the objections identified in the Notice of Allowability and became the figures in the 'D400 Patent. (*Id.* at ¶ 8, Ex. 4.)

9.     Mr. DoVale assigned all right, title and interest in the 'D400 Patent to Static Media, LLC ("Static Media") pursuant to the terms of the Assignment dated September 10, 2017 (the "Assignment"). (*Id.* at ¶ 12, Ex. 2.)

10.    With Mr. DoVale's consent and authorization, Static Media also entered into a license agreement with Blenick, Inc. ("Belnick") granting Belnick an exclusive license to make, use and sell any product incorporating or embodying the claim of the 'D400 Patent pursuant to the terms of the License and Royalty Agreement between Static Media and Belnick dated November 11, 2015 (the "License Agreement"). (*Id.* at ¶ 15.)

11.    Pursuant to the terms of the License Agreement, Belnick has manufactured, used and sold stadium chairs incorporating and embodying the design disclosed in the 'D400 Patent using various trademarks and names selected by Belnick (the "Static Media Stadium Chairs"). (*Id.* at ¶ 16.)

12. To date, Belnick has sold thousands of Static Media Stadium Chairs, including through websites such as Amazon.com. (*Id.* at ¶ 17.)

13. Defendant is a Wisconsin limited liability company with a principal place of business in Beloit, Wisconsin. (Wayne Chin Dep., Feb. 13, 2019, p. 12:10-12, 12:25-13:3 [Doc. 35].)

14. In late 2017, Static Media became aware of the Leader Accessories Wide Padded Folding Stadium Chair (the "Accused Product"), which Defendant advertised, distributed, offered for sale and sold. (Anthony DoVale Dec., May 9, 2019, ¶ 21; *see also* Wayne Chin Dep., Feb. 13, 2019, pp. 18:17-20:9 [Doc. 35].)

15. The Accused Product competed directly with the Static Media Chairs, including through sales on Amazon.com. (Anthony DoVale Dec., May 9, 2019, ¶22.)

16. The foregoing chart shows side-by-side comparisons of the 'D400 Patent and the Accused Product:



| 'D400 Patent | Leader Accessories Wide Padded Folding Stadium Chair |
|---|---|

3





(Anthony DoVale Dec., May 9, 2019, ¶ 25; *see also* Wayne Chin Dep., Feb. 13, 2019, pp. 18:17-20:9 [Doc. 35].)

17.     Defendant has never been granted any authorization, assignment or license from Static Media related to the 'D400 Patent, and Defendant's sale, offer for sale, marketing and

advertisement of the Accused Product has been conducted without Static Media's permission or authorization. (Anthony DoVale Dec., May 9, 2019, ¶ 26.)

18. Mr. DoVale is not aware of any inconsistencies or ambiguities in any of the figures for the 'D400 Patent. (Anthony DoVale Dec., May 9, 2019, ¶¶ 9, 10; Anthony DoVale Dep., Jan. 24, 2019, p. 14:11-18 [Doc. 22].)

19. The drawings filed with the USPTO are sufficiently clear to enable a person of reasonable skill to practice the invention. (Anthony DoVale Dep., Jan. 24, 2019, p. 15:15-24 [Doc. 22].)

20. The figures in the 'D400 Patent accurately and consistently disclose the invention that Mr. DoVale intended to disclose, although from slightly different or three-dimensional perspectives. (Anthony DoVale Dec., May 9, 2019, ¶¶ 9-11.)

21. Each of the figures in the 'D400 Patent disclose that the bottom of the seat back exists in a straight line, including Figure 3, which depicts that same bottom of the seat back at a slightly inclined angle. (Anthony DoVale Dec., May 9, 2019, ¶¶ 9-11; Anthony DoVale Dep., Jan. 24, 2019, pp. 61:11-63:5; 93:12-18 [Doc. 22].)

22. No one at Defendant directed, managed, oversaw or participated in the design, development, or creation of the Accused Product. (Wayne Chin Dep., Feb. 13, 2019, p. 22:10-20 [Doc. 35].)

23. Several of the alleged differences identified by Defendant merely reflect extra features added by Defendant to the Accused Product. (Anthony DoVale Dec., May 9, 2019, ¶ 27.)

24. Mr. DoVale compared the Accused Product and 'D400 Patent based on their overall appearance, not using a feature-by-feature comparison. (Anthony DoVale Dec., May 9, 2019, ¶

24; Anthony DoVale Dep., Jan. 24, 2019, pp. 54:24-55:10; *see also* p. 48:19-24 ("I just look at the whole thing and say does it look like my product.") [Doc. 22].)

25. The alleged differences identified by Defendant are trivial and minor, and do not change the overall visual appearance of the Accused Product or the 'D400 Patent, at least from his perspective as a purchaser of stadium chairs and as the designer and inventor of the 'D400 Patent. (Anthony DoVale Dec., May 9, 2019, ¶ 28.)

26. The patent on the "Markwort Patented Deluxe Wide Model Stadium Chair" identified by Kemnitzer has expired. (Anthony DoVale Dep., Jan. 24, 2019, pp. 72:11-73:1 [Doc. 22].)

Respectfully submitted this the 9th day of May, 2019.

/s/ *Harry E. Van Camp*
**DEWITT LLP**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891
hvc@dewittllp.com
evc@dewittllp.com

**FISHERBROYLES, LLP**
Vincent Bushnell
(Admitted *pro hac vice*)
945 East Paces Ferry Rd., NE
Suite 2000
Atlanta, GA 30326
678-902-7190
vincent.bushnell@fisherbroyles.com
**Attorneys for Plaintiff Static Media LLC**