IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC, <br><br> Plaintiff, <br><br> v. <br><br> LEADER ACCESSORIES LLC, <br><br> Defendant. | Case No.: 18-CV-330 |

## DECLARATION OF ANTHONY DOVALE

I, Anthony DoVale, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am over the age of eighteen (18) years old, have personal knowledge of the facts stated herein, and am competent to be a witness.  I make this Declaration in support of Plaintiff Static Media LLC's ("Static Media") Response to Defendant Leader Accessories, LLC's Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement.

2.     I am attorney specializing in intellectual property law, including the prosecution of patents.  I am a member in good standing of the State Bar of Georgia and am registered to practice before the United States Patent & Trademark Office ("USPTO").  I have practiced law since shortly after graduating law school at Georgia State in 2002.  Currently, I am Managing Partner of the Intellectual Property Practice Group at FisherBroyles, LLP.

3.     I acquired a Bachelor of Science degree in mechanical engineering from the University of South Florida in 1990.  I used my mechanical engineering background in various positions at companies starting in 1990 through my graduation from law school at Georgia State in 2002.

4.     On November 15, 2016, United States Patent No. D771,400 ("'D400 Patent") was duly and legally issued for "STADIUM SEAT" to me as the sole inventor.  A true and correct copy

1

of the 'D400 Patent is attached as Exhibit 1.

5. I personally invented, designed and conceived of the stadium chair disclosed in the 'D400 Patent, including using my background in mechanical engineering with many years of experience.

6. True and correct copies of drawings submitted to the patent examiner in connection with the 'D400 Patent, a Notice of Allowability for a Design Patent Application related to the 'D400 Patent dated September 12, 2016 (the "Notice of Allowability"), and a Response to After Allowance Objections related to the 'D400 Patent dated October 5, 2016 (the "Response to Allowability"), are attached as Exhibits 2, 3 and 4, respectively. Each of these documents are taken from the prosecution history for the 'D400 Patent.

7. As indicated in the Notice of Allowability, the patent examiner objected to the drawings submitted in connection with the 'D400 Patent as "too light, rough, and pixilated throughout all areas of the drawings."

8. In the Response to Allowability, I submitted replacement drawings to the patent examiner, which resolved the objections identified in the Notice of Allowability and became the figures in 'D400 Patent.

9. I am not aware of any inconsistencies or ambiguities in the figures of the 'D400 Patent as issued.

10. As I understand them, the figures in the 'D400 Patent accurately and consistently disclose the same invention that I intended to disclose, although from slightly different or three-dimensional perspectives.

11. As I understand them, each of the figures in the 'D400 Patent disclose that the bottom of the seat back exists in a straight line, including Figure 3, which depicts that same bottom

of the seat back at a slightly inclined angle.

12. I assigned all right, title and interest in the 'D400 Patent to Static Media, LLC ("Static Media") pursuant to the terms of the Assignment dated September 10, 2017 (the "Assignment"). A true and correct copy of the Assignment is attached as Exhibit 5.

13. Static Media is a Georgia limited liability company with its principal place of business in Roswell, Georgia, which was formed and registered in the State of Georgia in 2012.

14. I am the Managing Member of Static Media.

15. With my consent and authorization, Static Media entered into a license agreement with Belnick, Inc. ("Belnick") granting Belnick an exclusive license to make, use and sell any product incorporating or embodying the claim of the 'D400 Patent pursuant to the terms of the License and Royalty Agreement between Static Media and Belnick dated November 11, 2015 (the "License Agreement").

16. Pursuant to the terms of the License Agreement, Belnick has manufactured, used and sold stadium chairs incorporating and embodying the design disclosed in the 'D400 Patent using various trademarks and names selected by Belnick (the "Static Media Stadium Chairs").

17. To date, Belnick has sold thousands of Static Media Stadium Chairs, including through websites such as Amazon.com.

18. Through sales of the Static Media Chairs, my design and application of the 'D400 Patent, my work with Static Media, and the License Agreement with Belnick, I have become personally knowledgeable and familiar with purchasers of stadium chairs generally.

19. I personally have purchased several stadium chairs. I also regularly attend events in indoor and outdoor venues with bench-type seating.

20. I am aware of at least two stadium chair products that compete with the Static Media

Chairs.

21. In late 2017, I became aware of the Leader Accessories Wide Padded Folding Stadium Chair (the "Accused Product"), which I understand was advertised, distributed, offered for sale and sold by Defendant Leader Accessories, LLC ("Defendant").

22. The Accused Product competed directly with the Static Media Chairs, including through sales on Amazon.com.

23. I personally have examined one of the Accused Products, which was purchased by Static Media.

24. In examining the Accused Product, I compared the overall appearance of the Accused Product with the 'D400 Patent. I did not compare the Accused Product and 'D400 Patent on an element-by-element or feature-by-feature basis.

25. The foregoing chart shows side-by-side comparisons of the 'D400 Patent with the Accused Product:



| 'D400 Patent | Leader Accessories Wide Padded Folding Stadium Chair |
|---|---|



| '‎D400 Patent | Leader Accessories Wide Padded Folding Stadium Chair |
|---|---|
| FIG. 2 | |
| '‎D400 Patent | Leader Accessories Wide Padded Folding Stadium Chair |
| FIG. 3 | |



26. Defendant has never been granted any authorization, assignment or license from me or Static Media related to the 'D400 Patent, and Defendant's sale, offer for sale, marketing and advertisement of the Accused Product has been conducted without Static Media's permission or authorization.

27. In examining the Accused Product, I observed several extra features which have

been added by Defendant, including a storage bag and storage area on the front of the Accused Product and a carrying strap.

28. Although I observed some minor and trivial differences between the Accused Product and the 'D400 Patent, none of those differences substantially or materially change the overall appearance of the Accused Product when taken together as a whole, at least to me as a purchaser of stadium chairs or as the designer and inventor of the 'D400 Patent.

29. I am not aware of any communications made to either Static Media or Belnick by any purchaser or consumer of stadium chairs which identify or discuss the significance or importance of any of the minor or trivial differences I noticed between the Accused Product and the 'D400 Patent.

30. As a purchaser of stadium chairs and the designer and inventor of the 'D400 Patent, the overall visual appearance of the Accused Product is substantially similar to the figures in the 'D400 Patent.

I declare under penalty of perjury that the foregoing facts are true and correct this 9th day of May, 2019.

    /s/Anthony DoVale  
    ANTHONY DOVALE