IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC<br><br>        Plaintiff,<br><br>vs.<br><br>LEADER ACCESSORIES LLC<br><br>        Defendant. | Case No. 18-cv-330<br><br>JURY TRIAL DEMANDED |

## LEADER ACCESSORIES LLC's RULE 72(a) OBJECTIONS TO ECF #65 ORDER

Defendant, Leader Accessories LLC ("Leader"), pursuant to Federal Rules of Civil Procedure Rule 72(a), files this Objection to the ECF #65 Order ("Order") issued on 12/27/2019 by Hon. Stephen Crocker, related to a finding of violation and possible contempt of a protective order, ECF Dkt. 14 ("PO") issued on September 14, 2018.

The district judge in the case must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law", as provided in rule 72(a).

The Order found that Leader's counsel's act of providing certain confidential information to Sam Hecht, an outside person to Leader, is a violation of the PO.

At the core of the dispute is paragraph 4(f) of the PO, which laid out a two-prong inquiry for outside third party(s) to access confidential information:

    (1) "outside independent persons" and

    (2) who have executed a "Written Assurance" (the Notice of Adherence in the PO).

The full definition of the "outside independent persons" in 4(f) is stated as: outside independent persons (i.e., persons not currently or formerly employed by, consulting with or

otherwise associated with any party) who are retained by a party or its attorneys to furnish consulting, technical or expert services and/or to give testimony in this action.

The exact 4(f) language is quoted on top of page 2 of the Order.

### I.     LEADER'S COUNSEL STRICTLY FOLLOWED THE TWO-PRONG PROCESS REGARDING PROVIDING ACCESS TO THE CONFIDENTIAL INFORMATION

As described in filings made by Leader's counsel, Jen-Feng ("Jeff") Lee, ECF # 61 and 62, Leader's counsel followed the two-prong process:

prong-1: determining someone is a 4(f) person.

prong-2: execution of the Notice of Aherence of the PO ("Written Assurance").

Leader and OJ Commerce, via counsel, formed a Joint Defense Group ("JDG") in late 2018, and formally executed a Joint Defense Agreement ("JDA") on 2/15/2019.

Leader's counsel had more than ten (10) years (and more than 10 cases) of experience involving JDGs where JDG counsel worked as a group of mutually retained outside counsel (¶3 in Lee Decl., ECF 62). Static Media provided no facts, no case law or no argument to show that Leader counsel's prong-1 determination of Sam Hecht (OJ Commerce's counsel) being a 4(f) person is incorrect. [1]

As such, Sam Hecht is determined to be a contractually retained outside consultant.

Leader's counsel provided confidential information (deposition transcripts and exhibits) to Sam Hecht AFTER Mr. Hecht's execution of the Notice of Adherence, on 2/19/2019.

### II.    ECF #65 ORDER IS INCORRECTLY PREDICATED AND CLEARLY ERRONEOUS

The Order is clearly erroneous because it was incorrectly predicated, thus it should be reversed. Five (5) errors stand out and are explained herein.

---

[1] As shown in ¶13 of Lee Decl. ECF #62, Leader consulted with Sam Hecht on issues of experts, damages, invalidity and non-infringement for the upcoming MSJ filing as well as overall joint defense strategies.

(1). The Order stated, on page 3, "Lee admits that two days before the JDA was executed, he provided OJ Commerce's expert witness, Ronald Kemnitzer, with copies of confidential deposition transcripts."

Explanation:

Ronald Kemnitzer is NOT an expert for OJ Commerce; **Kemnitzer is Leader's expert**. Mr. Kemnitzer received the confidential information (on 2/17/2019) in the same way Sam Hecht received the confidential information, both are 4(f) persons and had executed the Notice of Adherence.

(2). The Order stated, on top of page 6, that Sam Hecht "admits that he used the confidential information . . . and he made those intentions clear to Leader's counsel before entering JDA".

Explanation:

This finding has NO factual basis in the record.

(3). The Order stated, at the bottom of page 6, carrying over to the top of page 7, that Leader contends that "it can unilaterally disclose Static Media's confidential information from this case to a third party so long as Leader agrees to do so under the terms of a JDA".

Explanation:

Leader never made that contention. This fact is clear from the time line:

Late in 2018, the JDG was formed (¶5 in Lee Decl., ECF #62).

2/15/2019, formal execution of JDA was done (¶8 in Lee Decl.).

2/19/2019, Written Assurance was executed (¶10 in Lee Decl.).

2/19/2019, providing confidential information to Hecht <u>after</u> execution (¶11 in Lee Decl.)

Had Leader made that contention as stated in the Order, Leader would have disclosed the confidential information to Sam Hecht <u>without</u> following the two-prong process, and simply sent the confidential information to Hecht before 2/19/2019.

(4). The Order acknowledged, on the bottom of page 6, that the contractual retention relationship between Leader and OJ Commerce is a "private contract" (Static Media also expressly acknowledged this "private contract", bottom of page 2 in the filed Reply, ECF Dkt. 64),

<u>Explanation:</u>

By acknowledging the nature of a JDA being a "private contract", the "meeting of the minds" element of a contract is also acknowledged. As such, Leader's counsel's mindset of Sam Hecht being a 4(f) outside consultant is also recognized. This further shows that Leader counsel's disclosure was made pursuant to the terms of the PO (where the "private contract" established the contractual retention relationship), instead of the incorrectly predicated position of "under the terms of JDA".

(5). The Order states, at the top of page 5, "defense attorneys in civil contempt for violating protective order by using confidential materials for a purpose unrelated to the lawsuit", in *GQ Sand v. Range Mgmt. Sys*, 278 F. Supp. 3d, 1115, 1123 (W.D. Wis. 2017)

<u>Explanation:</u>

Leader's defense counsel used the confidential information <u>only for this lawsuit</u>, complying with *GQ Sand* that all confidential documents and information "shall be used solely for the prosecution or defense of this Action", at 1124.

This citation in fact supports Leader's position because its defense counsel (Lee) did NOT "use any confidential materials for a purpose unrelated to the lawsuit", but instead used (the confidential information) "solely for the prosecution or defense of this Action".

None of the cases cited are applicable to show any wrongdoings committed when Leader's counsel followed the two-prong inquiry regarding accessing the confidential information.

### III. DEFENDANT AND COUNSEL ACTED IN GOOD FAITH AND HAD NO INCENTIVE, INTEREST OR INVOLVEMENT OVER THE ALLEGED VIOLATION IN ANOTHER LITIGATION CASE

Static Media raised the issue of violating the PO based upon another litigation case (19-cv-60270, in Southern District of Florida) with OJ Commerce in September, 2019. This is AFTER Leader obtained the favorable Summary Judgment order on 8/30/2019, ECF #52.

As such, Leader and counsel had no incentive, interest or involvement over such alleged violation because such confidential information no longer had any use to Leader/counsel.

Leader/counsel committed no violation of the PO with respect to the way confidential information was disclosed to expert Ronald Kemnitizer two days earlier (on 2/17/2019). How can Leader/counsel be faulted for following the same two-prong process with respect to Sam Hecht whose 4(f) person status was never disputed?

As such, Leader and counsel acted in good-faith when handling the confidential information further because the timing of the alleged violation: Leader and counsel had no interest, incentive or involvement related to the proceeding in another litigation case.

### CONCLUSION

Leader and counsel are fully in agreement with the Court's position that a protective order is not a "paper tiger".

Simply put, the records indisputably established that Leader and counsel, in good faith, took steps to follow the PO. No act was established to show that Leader/counsel did anything to "supersede, modify or amend" the PO.

The Court is respectfully requested to vacate or set aside the Order.

DATED: January 3, 2020             Respectfully submitted,

s/ *Michael J. Modl*
Michael J. Modl, SBN 1011419
AXLEY BRYNELSON, LLP
2 E. Mifflin Street, Suite 200
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
E-mail: mmodl@axley.com

Jen-Feng Lee – Pro Hac Vice pending
Cal. Stae Bar No. 204328
LT PACIFIC LAW GROUP LLP
17800 Castleton Street, Suite 560
City of Industry, CA 91748
T: (626) 810-7200
E: jflee@ltpacificlaw.com

*Attorneys for Defendant Leader Accessories LLC*