IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

                Plaintiff,                OPINION AND ORDER

v.

                                                    18-cv-330-wmc

LEADER ACCESSORIES LLC,

                Defendant.

      In this patent infringement action, the court previously granted summary judgment to defendant Leader Accessories, LLC, finding that a reasonable jury could not conclude that its stadium seat infringed the design patent in suit.  (8/30/19 Op. & Order (dkt. #52); Judgment (dkt. #53).)  Approximately six weeks later, plaintiff Static Media LLC filed a motion for sanctions under Federal Rule of Civil Procedure 37 on the basis that Leader and its counsel disclosed Static Media's confidential information in violation of the protective order previously entered in this case.  (Mot. for Sanctions (dkt. #58).)  In particular, plaintiff claims wrongful disclosure of this confidential information to an attorney representing a different company, OJ Commerce, that faces a claim for infringement of the same design patent at issue in this case.

      Because Magistrate Judge Crocker had entered the protective order in this case, he resolved the motion, granting it in part and staying all other aspects.  (12/27/19 Order (dkt. #65).)  More specifically, after finding that certain confidential information was disclosed in violation of the protective order's express requirement that it "shall be used solely for the purpose of *this* action," Judge Crocker concluded that Leader and its attorneys acted in contempt of court and, therefore, determined that entry of a fine and cost-shifting

was appropriate under Rule 37(b)(2). (*Id.* at 5, 7.) However, the court ordered the parties to submit additional information to craft an appropriate sanction, thus staying that part of the motion.

In response, invoking Federal Rule of Civil Procedure 72(a), Leader appealed Judge Crocker's decision to me as the presiding judge in this case.[1] (Dkt. #66.) For the reasons that follow, the court agrees with Judge Crocker that this is not a close case, affirms the order granting the motion for sanctions and directs the parties to file the additional submissions set forth in Judge Crocker's order so that he may determine an appropriate sanction.

OPINION

On appeal, defendant contends that Judge Crocker erred in finding a violation of the protective order because it followed the two-prong process identified in the protective order for providing access to confidential information by: (1) entering into a "Joint Defense Agreement" or "JDA" with OJ Commerce who was also defending against Static Media's patent infringement claims; and (2) having OJ Commerce's "contractually retained outside counsel" sign a "written assurance" of compliance with the protective order in this case. (Def.'s Appeal (dkt. #66).)

However, this argument fails to address the reason that Judge Crocker found a violation of the protective order. Paragraph 3 of the protective order states that all confidential information designated under the order

---

[1] Leader also sought to stay the additional briefing to determine an appropriate sanction, which Judge Crocker granted. (Dkt. ##67, 68.)

> *shall be used solely for the purpose of this action* and no person receiving such information or documents shall, directly or indirectly, transfer, disclose or communicate in any way the information or the contents of the documents to any person other than those specified in paragraph 4.

(Stip. Protective Order (dkt. #13-1) p.2, ¶ 3 (emphasis added); Order (dkt. #14).) Contrary to defendant's argument, paragraphs 4(f) and 5 only contemplate disclosure of confidential information to outside consultants and experts they use "solely for the purposes of this action." (*Id.*)

Defendant has not argued, nor can it argue based on the undisputed facts, that it disclosed any of the information designated by plaintiff as "confidential" under this court's order to OJ Commerce and its counsel for use in *this* lawsuit alone. Instead, in its appeal, defendant's counsel simply states that "its defense counsel (Lee) did NOT 'use any confidential materials for purpose unrelated to this lawsuit', but instead used (the confidential information) 'solely for the prosecution or defense of this Action." (Def.'s Appeal (dkt. #66) 4.) The material question, however, is whether defendant's counsel provided the confidential information to OJ Commerce and its counsel "*solely* for purpose of *this* action." The obvious answer is a resounding "no," since whatever arguable role they may have played in assisting defendant as a so-called 4(f) "consultant," defendant's counsel had to know that OJ Commerce's and its counsel's *principal* use of the information would be in defending against the separate lawsuit brought against it. Defendant presents nothing to the contrary in its submissions to this court. In other words, regardless of whether defendant "strictly followed the two-prong process" for making such a disclosure, the

disclosure itself was not permitted under the express terms of the parties' stipulated protective order.

Had this been the intent of defendant, its choice was to incorporate this use into the express terms of the protective order, make plaintiff aware of the JDA and seek consent to disclose, or come back to this court for relief. Alternatively, defendant could have shared its discovery requests with OJ Commerce's counsel, who would have been free to obtain the same confidential information legitimately as part of that lawsuit, as he notes. (Dkt. #63, ¶ 13.) Instead, defendant chose to act surreptitiously, as did OJ Commerce's counsel by springing this confidential knowledge on plaintiff during royalty discussions. (*Id.* ¶ 16.) As such, defendant's counsel acted in violation of this court's protective order and facilitated a third-party's counsel. As Judge Crocker found, this is sanctionable misconduct.

ORDER

IT IS ORDERED that:

1) Defendant Leader Accessories LLC's appeal of Magistrate Judge Decision (dkt. #66) is DENIED. Judge Crocker's decision granting in part plaintiff's motion for sanctions (dkt. #65) is AFFIRMED.

2) Consistent with Judge Crocker's prior order, the court sets the following briefing schedule:

   a) No later than January 19, 2021, defendant and its attorneys shall identify and produce to plaintiff all of their communications with OJ Commerce and its counsel related to this case, along with a specific accounting of each disclosure of information designated confidential or highly confidential.

   b) No later than February 2, 2021, plaintiff may submit a proposed fine for the identified disclosures, an itemized bill of fees and costs for the preparation of the motion for sanctions, and a brief supporting argument.

c) Defendant will have until February 9, 2021, to respond

Entered this 5th day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge