IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATIC MEDIA LLC, | |
| Plaintiff, | Case No.: 18-CV-330 |
| v. | |
| LEADER ACCESSORIES LLC, | |
| Defendant. | |

**PLAINTIFF STATIC MEDIA LLC'S PROPOSED FINE AND BILL OF ATTORNEYS' FEES AND COSTS AS SANCTIONS AGAINST DEFENDANT LEADER ACCESSORIES, LLC**

Pursuant to the Court's Opinion and Order entered on January 5, 2021 [Doc. 71] (the "Order"), Plaintiff Static Media LLC ("Static Media") files its Proposed Fine and Bill of Attorneys' Fees and Costs as Sanctions Against Defendant Leader Accessories, LLC ("Leader") and, in support, shows the Court as follows:

**ARGUMENT AND CITATION TO AUTHORITY**

I. **Static Media Proposes That The Court Impose A Fine Of $2,000 On Leader And Its Counsel.**

In the Order, the Court held that Leader's counsel "acted in violation of this court's protective order and facilitated a third-party's counsel," which constitutes sanctionable misconduct. (Order, p. 4.) Pursuant to the Court's Order, Leader's counsel produced to Static Media certain communications between Leader's counsel and counsel for OJCommerce related to this case.[1] These communications confirm that Leader's counsel produced the Glazer Deposition and the DoVale Deposition transcripts along with certain exhibits, which had been designated as Confidential or Highly Confidential – Attorneys' Eyes Only by Static Media under the Protective

---

[1] For the sake of brevity, the terms defined in the Court's Order and in Static Media's Motion for Sanctions Against Defendant Leader Accessories, LLC [Doc. 58] (the "Motion") are incorporated herein.

1

Order in this case, to OJCommerce's counsel through two separate emails on February 19, 2019. (*See* Declaration of Vincent Bushnell, Esq. dated February 2, 2021 ("Bushnell Dec."), attached as Exhibit 1, ¶ 3, Ex. A.) Each of these emails constitute separate violations of the Protective Order. Thus, Static Media respectfully proposes that a fine of $1,000 be imposed on Leader and its counsel for each separate violation of the Protective Order, resulting a total fine of $2,000 in this matter.

A "district court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Salmeron v. Enter. Recovery Sys.*, 57 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.* (citing *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003)).

"A district court certainly can consider the extent of the prejudice to the opposing party when determining an appropriate sanction. But a district court's inherent power to sanction for violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and 'to deter future parties from trampling upon the integrity of the court.'" *Id.* at 797 (quoting *Dotson*, 321 F.3d at 668). Accordingly, sanctions "must be sufficient to constitute actual punishment and must serve as a specific and general deterrent to future violations in this case and others." *Frazier v. Layne Christensen Co.*, 2005 U.S. Dist. LEXIS 2358 at *12 (W.D. Wis. Feb. 11, 2005) (J. Crocker). "The Supreme Court has stated that 'Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Encap, LLC v. Scotts Co., LLC*, 2014 U.S. Dist. LEXIS 160156 at *9 (E.D. Wis. Nov. 14, 2014) (quoting *Roadway Exp., Inc.*, 447 U.S. at 763-64).

In the instant case, a fine of $1,000 for each violation of the Protective Order by Leader's counsel would be sufficient to constitute actual punishment for Leader's abuse of the judicial process, and also would deter future parties from trampling upon the integrity of this Court. Moreover, such a fine is well within the range of sanctions imposed in similar cases. *See, e.g., Frazier*, 2005 U.S. Dist. LEXIS 2358 at *12-13 (sanctioning plaintiffs and their attorneys $1,000 for each violation of protective order).

### II. Static Media Proposes That The Court Award $10,586.30 In Reasonable Attorneys' Fees And Costs Incurred By Static Media In Connection With Its Motion for Sanctions.

Sanctions for violation of a protective order may include an award of attorneys' fees and costs under Rule 37(b)(C) as well as monetary fines under Rule 37(b)(2). *See, e.g.*, *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *3, 12 (sanctioning plaintiffs and their attorneys for each violation of protective order because "plaintiffs' attorneys' sloppy handling of this matter merits its own sanction."); *Encap, LLC*, 2014 U.S. Dist. LEXIS 160156 at *10 (sanctioning plaintiff's counsel for violating protective order with an award of attorneys' fees and costs and accounting); *see also* Rule 37(b)(2)(A)(vii) and (C).

In this case, Static Media has been charged hourly rates of $365/hr. by Vincent Bushnell, $450/hr. by Harry E. Van Camp and $340/hr. by Elijah B. Van Camp. (*See* Bushnell Dec., ¶¶ 10, 12, 14, Ex. B.) No other timekeepers billed any time to Static Media in connection with the Motion. (*Id*. at Ex. B.) These hourly rates are equivalent to or lower than the hourly rates charged by similarly-sized law firms in comparable matters, including in the Wisconsin legal community. (*Id*. at ¶¶ 10, 12, 14.) In addition, these hourly rates are equivalent to or lower than the customary hourly rates charged by each attorney in similar cases and accurately reflect the skill required to perform legal services in such cases. (*Id*. at ¶¶ 11, 13, 15.)

Harry E. Van Camp and Elijah B. Van Camp have significant civil litigation experience in the State of Wisconsin, including in patent infringement cases. (*Id.* at ¶¶ 7, 8.) Accordingly, they remain well-qualified to serve as local counsel for Static Media in this case. (*Id.*) Mr. Bushnell has extensive experience in patent infringement litigation and similarly remains well-qualified to represent Static Media in this case. (*Id.* at ¶ 5.) Moreover, Mr. Bushnell has represented Static Media in other matters involving the 'D400 Patent, charging Static Media the same hourly rate of $365/hr. (*Id.* at ¶¶ 16, 17.)

Static Media's attorneys have billed a total of 28.2 hours resulting in $10,586.30 in attorneys' fees and costs in connection with the Motion and subsequent briefing, including in responding to the objection filed by Leader with this Court. Static Media has filed all of its invoices related to the Motion, which specify for each attorney, the date, hours expended, and the nature of the work performed in this case. (*Id.* at ¶ 9, Ex. B.) As shown by Static Media's invoices, the hours expended by Static Media's attorneys in this case have been both reasonable and necessary. (*See also Id.*, ¶ 18.)

## CONCLUSION

For all of the foregoing reasons, Static Media proposes that the Court impose a fine on Leader and its counsel in the amount of $2,000 and award Static Media its reasonable attorneys' fees and costs incurred in connection with the Motion in the amount of $10,586.30 as sanctions for the violations of the Protective Order by Leader's counsel.

Respectfully submitted this the 2nd day of February, 2021.

/s/ *Harry E. Van Camp*
**DeWitt LLP**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI  53703-2865
608-255-8891
hvc@dewittllp.com
evc@dewittllp.com

**FISHERBROYLES, LLP**
Vincent Bushnell
(Admitted *pro hac vice*)
945 East Paces Ferry Rd., NE
Suite 2000
Atlanta, GA 30326
678-902-7190
vincent.bushnell@fisherbroyles.com

**Attorneys for Plaintiff Static Media LLC**