IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATIC MEDIA LLC,

                              Plaintiff,                            18-cv-330-wmc

    v.

LEADER ACCESSORIES LLC,

                              Defendant.

---

On January 5, 2021, Judge Conley entered an order (dkt. 71) upholding my December 24, 2020 order (dkt. 65) granting plaintiff's motion for sanctions (dkt. 58). Plaintiff timely submitted its proposed fine and bill of costs (dkts. 72 & 73), to which defendant timely responded (dkts. 74 & 75), followed by a March 16, 2021 notice of supplemental authority by defendant (dkt. 76).

Plaintiff has asked for a $1000 sanction for each of what it characterizes as two violations, plus reimbursement of $10,586.30 in attorneys fees representing 28.2 hours of work by three attorneys at an average rate of about $375/hr. Defendant argues against awarding any sanction at all, characterizing any violation as inadvertent and harmless. Indeed, defendant continues to imply that there *were* no genuine violations of the protective order, despite two judges in this court finding otherwise and deeming defendant's actions to be sanctionable misconduct. Because this seems to be nagging at defendant, let's be clear: *scienter* is not required for the court to find a violation of the protective order and impose a sanction. Defendant's intent is irrelevant to finding a violation, although it could be relevant to the resulting penalty.

But we don't need to explore this further because plaintiff has requested only $1000 per violation. That's an eminently reasonable number under the totality of circumstances as they are viewed by the court. Frankly, I had a higher number in mind, but I'm going with plaintiff's

lower request. In a patent lawsuit, a sanction of one thousand dollars could be viewed as merely symbolic, but the message sent is important: when you sign a protective order, you had better understand what you have agreed to and then you had better comply with the terms of your agreement. Even unintended violations can cause the harm that the agreement was designed to prevent.

Plaintiff alleges two violations based on two emails sent as part of one email string. Defendant responds that this should be viewed as one violation because the emails were part of one communication that had to be split in half due to the size of the attachment. I'm going with defendant on this one. The violation of the protective order was one discrete act that by technical happenstance resulted in two emails. So, the court is imposing a $1000 sanction.

As for attorneys' fees, the amount requested by plaintiff is reasonable. The amount of time that plaintiff's attorneys spent on this issue was not excessive; indeed, much of it was necessitated by defendant's appeal of the original sanction order, and plaintiff prevailed completely at both levels. The hourly rates charged are at or below the average in patent lawsuits litigated in this court. Defendant's dissection of plaintiff's bill is unpersuasive. Mundane discovery disputes in commercial litigation routinely result in 20 to 30 hours of time spent and five-figure cost-shifting under Rule 37(a)(5), so a $10,000 request in this situation is unremarkable  Having carefully considered all of defendant's arguments in opposition to plaintiff's request, I conclude that plaintiff is entitled to the amount requested, although I am rounding it down to an even $10K. Perhaps this number will go up if defendant appeals *this* order and loses, but I'm not going to look for trouble.

ORDER

It is ORDERED that defendant Leader Accessories LLC and its counsel must pay $1000 in sanctions to plaintiff Static Media LLC and must pay $10,000 in attorneys' fees to Static Media's attorneys not later than July 19, 2021.

Entered this 17th day of June 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge